EDWARD E. MARSHALL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20308. Promulgated March 1, 1928.

*A. H. Jarman, Esq.*, for the petitioner.
*P. M. Clark, Esq.*, for the respondent.

1142

OPINION.

ARUNDELL: The petitioner does not raise any question as to his liability as a transferee and we assume without deciding that the respondent acted within his power in asserting against the petitioner as a transferee such liability as there may be for any deficiency in the taxes of the Bellefonte Lime & Stone Co. The only issue raised is whether the amount of $20,048.77 received by the Bellefonte company as an award under the War Minerals Relief Act constitutes income.

The facts, in brief, are these: Owing to stimulation by the Government, the Bellefonte company in 1918 acquired a lease on chrome property and proceeded to erect a plant and acquire necessary machinery, expending in the process $38,736.52. With the signing of the Armistice the urgent need for chrome ceased, and the company found itself with a useless plant on its hands. No income had been received from the venture and only $5,500 salvage was realized. The Government, pursuant to an Act of Congress, reimbursed the company in 1921 for its capital outlay to the extent of $20,048.77.

Adding to the award, $20,048.77, the salvage realized, $5,500, and deducting the total, $25,548.77, from the capital expenditure of $38,-736.52, leaves $13,187.75 which the company is still out of pocket. It can never recover this amount for its lease has expired and its plant and equipment are gone. As it never had income it had no chance to recoup any of its capital outlay through deductions.

Under these facts, we do not see how the partial reimbursement for losses sustained can be construed to be income. "The mere diminution of loss is not gain, profit, or income." *Bowers* v. *Kerbaugh Empire Co.*, 271 U. S. 170. As the company had no income in 1921, there can be no deficiency in tax, and it follows that there is no liability on the part of the petitioner by reason of his having been an ultimate recipient of a part of the award.

*Judgment of no deficiency will be entered.*